### J. S. JOHNSON & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. December 22, 1905.)

No. 3,398.

CUSTOMS DUTIES—CLASSIFICATION—PRESERVED PINEAPPLES—FRUIT IN SUGAR.
As to pineapples put up in cans in their own juice, about 3 per cent. of sugar being extrinsically added, the sugar being used principally to improve their flavor and not acting prominently in preserving them, *held*, that they are dutiable as "pineapples preserved in their own juice," and not as "fruits preserved in sugar," under Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 263, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1651].

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 5,352 (T. D. 24,494), affirming the assessment of duty by the collector of customs at the port of New York on merchandise imported under the tariff act of 1897. Note U. S. v. Boden (C. C.) 133 Fed. 839.

Walden & Webster (Howard T. Walden, of counsel), for importers.
D. Frank Lloyd, Asst. U. S. Atty.

PLATT, District Judge. The goods in question consist of pineapples contained in tin cans weighing about 1¼ pounds per can. They were assessed for duty at 35 per cent. ad valorem and 1 cent per pound, under paragraph 263 (Act July 24, 1897, c. 11, § 1, Schedule G, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1651]) as "fruits preserved in sugar." The importers claimed that they should be assessed either at 25 per cent. ad valorem, under the same paragraph, as "pineapples preserved in their own juice," or under paragraph 268 (30 Stat. 172 [U. S. Comp. St. 1901, p. 1651]) relating to "pineapples in barrels and other packages," at 7 cents per cubic foot.

I agree with the board that the latter claim is manifestly without merit. The facts before the board, supplemented by those before the court, show that the cans contained nearly 14 per cent. of sugar, but that a very large proportion of this was sugar found in the juices of the pineapple.

It appears that pretty much all the preservative qualities are found in the juice itself, the boiling of the pineapple in the juice, and the hermetically sealing of the contents in the tin cans, so as to exclude the atmosphere. It is true that the importation contains a little over 3 per cent. of cane sugar extrinsically introduced by the manufacturers in the course of preparation; but it is not a fair inference from the testimony that this additional sugar acts in any substantial degree toward preserving the pineapple, but seems to have been added rather in the way of flavoring. The preservation of the pineapples, therefore, is substantially accomplished in the way suggested, and the addition of the cane sugar seems to be merely an incidental matter. The board argues that, although they are preserved in these other ways, they are in sugar, and it is therefore proper to classify them as pineapples preserved in sugar. It seems to me that, when Congress referred to fruits preserved in sugar, it meant fruits in which sugar plays a prominent and important part in the act of preservation. I must therefore venture to disagree with the board.

The decision is reversed.